IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : Case No. 20-245-RBW |
| | : |
| **EDWARD DAVIES, et al.** | : |
| | : |
| **Defendant.** | : |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

COMES NOW ATTORNEY, Allen H. Orenberg, to respectfully submit this Memorandum in Aid of Sentencing on behalf of Defendant Edward Davies. There can be no dispute that the Court has a duty to deliver a sentence that is not greater than necessary to comply with sentencing purposes. *See* 18 U.S.C. §3553(a).

When fashioning an appropriate sentence, Mr. Davies requests that the Court impose a variant sentence, consisting of a period of probation or a period of home detention, based on the relevant 18 U.S.C. §3553(a) sentencing factors identified by the Probation Officer in the Pre-Sentence Investigation Report ("PSR"), including:

1. The supporting analysis and facts contained within the PSR;
2. Mr. Davies' pre-trial acceptance and entry of a plea, which saved valuable resources of the U.S. Attorney's Office and the Court;
3. The additional information and recommendations herein.

As more fully described herein, Mr. Davies is fundamentally a good person. Although he made a serious error in his personal judgement, he fully appreciates the seriousness of his misconduct and he is immensely remorseful. He has candidly accepted responsibility for his actions. He and his supporters firmly believe he poses no risk of repeating illegal behavior. Consequently, it is unnecessary to protect the community from Mr. Davies in the future by way of a period of incarceration.

I. **Case Background and Plea Agreement**

A. **Case Background**

On November 4, 2020 an Indictment [1] was returned charging Edward Davies (and co-defendant) Earl Hamilton with 4 counts of wire fraud (18 USC § 1343) and 1 counts of credit card fraud. (22 D.C. Code § 3223(b)(5) & (d)(2)) On November 30, 2022, the Court accepted Mr. Davies' voluntary plea of guilty to Count 9 of the Indictment; 22 D.C. Code § 3223(b)(5) & (d)(2)). The government has agreed to move, at the sentencing hearing, to dismiss all remaining counts of the Indictment.

Sentencing is scheduled for May 11, 2023, at 11:00 a.m.

B. **The Plea Agreement**

There is a written plea agreement by and between Mr. Davies and the U.S. Attorney's Office. It is acknowledged that the USSG does not apply. [90, Sec. 5] However, it is also acknowledged that the District of Columbia Sentencing Commission's Voluntary Guidelines (2022) do apply and the (D.C.) estimated Guidelines range of imprisonment is 1 -12 months. And, Mr. Davies "reserves the

right to seek a sentence below the Estimated Guidelines Range . . ." (ECF 90, Sec. 5, A & C)

- **Imposition of a Fine**

As noted in the PSR, Mr. Davies is represented by appointed counsel, he has verifiable income, and he has high expenses. Accordingly, the PSR opines "the defendant may not have the ability to pay an additional fine in this case."PSR ¶¶ 77-86. He will b subject to a restitution order of a significant dollar amount. Therefore, Mr. Davies is requesting the Court not to impose a fine.

- **Restitution**

The issue of restitution is addressed in the Plea Agreement. (ECF 90, Sec. 12) However, Mr. Davies will ask the Court at the sentencing hearing to consider a further reduction to the restitution amount. In this regard, attached is an excel spreadsheet which reflects the contested items concerning claimed restitution by the government.

**IV.    Legal Standard – The Post-Booker Sentencing Framework
And Consideration Of The Non-Guideline Sentencing Factors**

I.      In early 2005, the United States Supreme Court declared that the Guidelines are advisory, rather than mandatory. *United States v. Booker* 543 U.S.220, 125 S.Ct. 738, 160 L. Ed 2d 621 (2005). Although the Court must consider the Guidelines in imposing a reasonable sentence, the Guidelines are now merely "advisory," constituting just one factor to be considered on equal footing with the other sentencing factors found in 18 U.S.C. §3553 (a). *See id.* at 757,764 – 67, 790.

The *Booker* Court also re-emphasized that the primary sentencing mandate of §3553 (a) is that courts must impose the least amount of imprisonment and sentence necessary to achieve the statutory purposes of punishment-justice, deterrence, incapacitation, and rehabilitation; the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in (18 U.S.C. §3553(a)(2). 18 U.S.C. §3553(a).[1] This represents a cap above which the Court is *statutorily prohibited* from sentencing - even when a far greater sentence is recommended by the advisory sentencing guidelines. *See, United States v. Denarli*, 892 F.2d 2698, 276-77 (3rd Cir. 1989)(Becker, J., concurring in part, dissenting in part).

In *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court held that the sentencing guidelines are simply an advisory tool to be considered alongside other statutory considerations set forth in 18 U.S.C. §3553 (a). In two more recent summary reversals, the Court further made clear that the Guidelines cannot be used as a substitute for a

---

[1] 18 U.S.C. §3553 (a) states, in pertinent part, "The court shall impose a sentence sufficient, but not greater than necessary, to comply with purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider – (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."Furthermore, paragraph (3) of this subsection directs the Court to consider "the kinds of sentences available."

sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors. *Nelson v. United States*, 129 S. Ct. 890 (2009), 2009 WL 160585 (Jan. 26, 2009); *Spears v. United States*, 129 S. Ct. 840 (2009). Rather, the court must weigh each of the factors and impose a sentence that constitutes the least amount of imprisonment necessary pursuant to Section 3553(a). Moreover, as the Supreme Court reiterated, in imposing sentence, "the punishment should fit the offender and not merely the crime." *Pepper v. United States*, 131 S.Ct. 1229, 1240 (Mar. 2, 2011).

### A. <u>Nature and Circumstances of the Offense</u>

On November 30, 2022, the Court accepted Mr. Davies's voluntary plea of guilty to Count 9 of the Indictment; 22 D.C. Code § 3223(b)(5) & (d)(2).

There is a written plea agreement between Mr. Davies and the U.S. Attorney's Office. Mr. Davies generally agrees with the statement of facts concerning his involvement in the criminal enterprise as stated in the PSR ¶¶ 12-28, however, during the pre-sentence report interview he "feels his conduct was mischaracterized and he is looking forward to the opportunity to fully address his concerns with the Coort at sentencing." PSR, ¶33.

### B. <u>History and Characteristics of the Defendant</u>.

The Court must consider the specific history and character of the defendant and the specific circumstances and seriousness of the offense and impose no more of a sentence than is necessary to promote respect for the law, provide just punishment and treatment, afford adequate deterrence, protect the public, allow restitution to

victims, and avoid unwarranted inconsistency among similarly situated defendants. 18 U.S.C. § 3553(a). The Court is no longer limited in the factors it may consider, and may consider any factors it believes relevant to tailoring an individualized and appropriate sentence.[2]

The personal characteristics, including personal and family data, physical condition, mental and emotional health, substance abuse, education, employment and financial history of Mr. Davies also encourage the sentencing proposal herein. These factors are discussed more fully in the PSR, ¶¶ 44-86.

Mr. Davies (age 51) was the product of his parent's broken marriage (when he was 12) and then raised by his mother. He has lived for most of his life in the Washington, D.C. Metropolitan area and he currently resides in Owings Mills, MD. He has several siblings (sisters, 1 brother) with whom he enjoys a good relationship. His mother, as well as his siblings, continue to support him as he faces this current criminal prosecution. His sister, Elizabeth Berry, informs the Court that "he is a good father, great son, dependable, and responsible." PSR ¶ 48.

He has been married four times. He has 6 children from the first 3 marriages and a step-child from his current marriage. He pays child support for all of his

---

[2] Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth.

children and has good relationships with all. PSR ¶¶ 49-52. His current wife, Ms. Lewis-Davies informs the Court he is "intelligent, loyal, caring, articulate, sensitive, and supportive." PSR ¶ 53. She expects to attend the sentencing hearing in support of her husband.

Mr. Davies reports he has a heart murmur and he also suffers from Prinzmetal Angina which requires him to have a nitroglycerin pump nearby at all times. And he was in a serious car accident in 2006, resulting in lingering medical effects. PSR ¶¶ 58-59. He has no history of mental or emotional health problems. He has occasionally digested marijuana edibles and he is a non-problematic social drinker. PSR ¶¶ 63-64. He has not participated in a substance abuse program or counseling,

Mr. Davies has a Bachelor of Arts degree in Communications from Marymount University 1997. PSR ¶¶ 66-67. Mr. Davies has a long history of full-time, employment in the community support services industry and he has served as a Member /Chair/Commssioner of several related organizations. PSR ¶¶ 69-76.

Attached is a letter to the Court from Mr. Davies, dated May 4, 2023. He expresses his sincere remorse and regret for the mistakes and poor judgment which caused this prosecution. He personally informs the Court about his lifetime of,

> ". . . supporting children families, volunteered on boards, and served as an advisor to several youth, family and community development projects with the highest level of integrity and commitment to helping others achieve and making the world a better place . . . dedicated my life to working on behalf of low-income children, families and communities across the country, especially for people of color."

Mr. Davies has accepted full responsibility for his actions, however he does disagree with the loss amount calculations pit forth by the government. Attached is an excel spreadsheet which lists the government's claims of losses, and a corresponding list of comments/objections by Mr. Davies. In addition, Mr. Davies submits for the Court's consideration the following:

1. The government has calculated a loss amount far greater than the organization itself calculated and agreed to.

2. Several of the credit card charges the government has deemed personal charges are based on unfounded speculation

   a. For instance, the investigator's notes for a credit card charge at the Verizon Center include that the purchase may have been for season tickets. However, there is a memo from the Verizon Center in response to a subpoena there is no record of Mr. Davies' purchasing season tickets in their database. Yet, the government still included this credit card charge as one of his personal charges.

   b. The government characterized a trip to Napa Valley, CA, as a personal trip with Mr. Davies' girlfriend (and even published this in a press release), even though he provided evidence that he attended a work-related conference in Napa Valley and the credit card charges related to that conference. The government could have also confirmed this with the organization that hosted the conference, yet there is nothing in the discovery documents to indicate that they did. Nevertheless, they listed and publicized this charge as personal with no concrete evidence or foundation for doing so.

3.      These type of unsubstantiated charges have greatly increased the amount of loss the government has calculated well above the mutually agreed-upon amount, and has unfairly significantly increased Mr. Davies' liability.

Also, attached are several support letters from friends and family of Mr. Davies attesting to his respectable character, including his devotion to his extended family, to his neighbors, as well as his first-rate reputation as future productive and responsible member of his community. These letters provide the Court with a unique perspective into the defendant's persona, excellent reputation, accomplishments, and his keen desire to be a continued productive member of his community:

- Marlo Passmore.
- Francess Tom-Sahr.
- MaShaun Alston.
- Othniel Tucker.
- Michel Quezada.
- Michael Kimsey.
- Dara Lewis-Davies (Video statement submitted directly to Chambers and to AUSA Diana Lucas.)

C.      **Respect for the Law and Deterrence**

Mr. Davies clearly understands the wrongfulness of his conduct and he is remorseful and deeply ashamed for breaking the law. His timely and candid acceptance of responsibility demonstrates that his regret is sincere. Furthermore,

given his lack of criminal history, his personal history and characteristics as described throughout this memorandum, it is improbable that he will participate in dishonest, reprehensible or criminal activities in the future.

In short, as discussed throughout this memorandum, there are numerous reasons to be optimistic that Mr. Davies will not engage in further criminal behavior, including the support of his family & friends, the promise that others have seen in him, as well as his own expected statements to this Court at the sentencing hearing about his transgression and the hope he has for his future. A lengthy prison sentence would have no greater effect toward the goals of sentencing than a short prison term.

### D. The Need to Avoid Unwarranted Sentencing Disparities, and Impose A Sentence That Reflects The Seriousness of the Offense

There is no dispute that Mr. Davies' criminal conduct is serious, is a felony, and will likely have irreparable unintended consequences. Any lengthy prison term would nonetheless be an inappropriate sentence for Mr. Davies.  Mr. Davies is convicted of a D.C. Code offense and the USSG does not apply. However, there are some federal defendants who committed crimes involving similar financial losses were sentenced to probation, or were given arguably "shorter" terms of imprisonment

For example, a 54-year-old man was sentenced to two years of probation, including three months of home confinement, and ordered to pay over $500,000 for theft of government property in connection with his involvement with a tax fraud scheme. U.S. Attorney's Office, District of Massachusetts, *New York Man and Springfield Relative Sentenced for Cashing Fraudulent Tax Refund Checks* (Oct. 13,

2016), https://www.justice.gov/usao-ma/pr/new-york-man-and-springfield-relative-sentenced-cashing-fraudulent-tax-refund-checks. Defendants who receive custodial sentences for similar, or worse, crimes frequently receive sentences below the guideline range.[3]

In *United States v. Powell*, the defendant pled guilty to one count of conspiracy to commit theft of government property, in violation of 18 U.S.C. § 371 and one count of theft of and aiding and abetting theft of government property, in violation of 18 USC §§ 641 and 642. 354 F.3d 362, 365 (5th Cir. 2003). The defendant was facing a guideline range of 27-33 months' imprisonment for stealing and re-selling almost $200,000 worth of medicine from a VA medical facility. Id. at 365-66; Brief of Plaintiff-Appellee at 21. The defendant was sentenced to 366 days' imprisonment and three years of supervised release, which was affirmed on appeal. *Powell*, 354 F.3d at 365.

In *United States v. DuBois*, the defendant pled guilty to one count of theft of government property in violation of 18 U.S.C. § 641 for masterminding a scheme that stole almost $40 million in gasoline from an Army base in Iraq. Plea agreement, 2010 WL 4721780 (E.D. Va. Oct. 7, 2008). While no offense level was agreed to in the plea, the guideline range would have been at least 57 – 71 months. Id. at *1-*4. Mr. DuBois was sentenced to just 36 months' imprisonment. Sentence in a Criminal Case, *United States v. DuBois* (E.D. Va. Aug. 25, 2009).

---

[3]

*See generally, Sims v. USA*, 2016 WL 7406534, *4-*6 slip op. (S.D. Ohio 2016) (sentencing defendant, who deliberately targeted and victimized low-income families and single unemployed parents, and who had a guideline range of 135-168 months to an aggregate term of 100 months).

Some defendants who have committed similar crimes also received custodial sentences at the low end of the guideline range.[4]

## V.     Defendant's Sentencing Proposal

District Courts have been tasked with crafting sentences that best serve the interests of justice in each individual case. Considering the arguments set forth herein and the recommendations of the PSR, Mr. Davies respectfully asks this Court to use its discretion to devise a sentence that takes into account the unique circumstances of Mr. Davies's history, his remorse, as well as the language of 18 U.S.C. §3553 & 18 U.S.C. §3661.

Mr. Davies has had ample time to reflect on his mistakes, and he is deeply regretful. He should not be considered a future risk to the community and he has been sufficiently deterred from committing future crimes. Mr. Davies is fundamentally a law-abiding and upstanding citizen, and there is nothing to suggest that he will be anything other than that moving forward.

---

[4]   *See generally, United States v. Shirley*, 720 F.3d 659, 662 (8th Cir. 2013) (affirming defendant's 21 month sentence where defendant had a guideline range of 21 to 27 months); *United States v. Feaster*, 798 F.3d 1374, 1376-77 (11th Cir. 2015) (affirming 13 month sentence of defendant who had a guideline range of 12 to 18 months); Docket, *United States v. Fanning*, 89 (Aug. 17, 2009) (Judgement) (sentencing defendant with guideline range of 15-21 months to 8 months' imprisonment on each count, to run concurrently, because of defendant's lack of remorse) (*aff'd* as reasonable in *United States v. Fanning*, 365 Fed. Appx. 207 (11th Cir. 2010)); *United States v. Jefferson*, 751 F.3d 314 (5th Cir. 2014) (affirming sentence of 32 months for defendant who had a guideline range of 30 – 37 months); *United States v. Hernandez*, 2014 WL 6888758 (S.D.N.Y. Dec. 8, 2014) (unreported) (affirming sentence of 24 month for defendant who had a guideline range of 24-30 months).

At the sentencing hearing, Mr. Davies will publicly express his heartfelt remorse for his criminal conduct and he will apologize for his actions. He recognizes that he will have to live for the rest of his life with the harsh consequences of this felony conviction, both personally and in his business life.

Mr. Davies is ready and willing to comply with all terms of any sentence imposed. He understands and recognizes that even the slightest violation of a sentencing condition may result in another period of federal imprisonment. The prolonged loss of his liberty, including the devastating and irreparable consequences to his family, is more than enough incentive for him to respect and comply with all aspects of any sentence imposed.

As argued herein, the 18 U.S.C. §3553 (a) sentencing factors, (a sentence should be "sufficient but not greater than necessary") to comply with sentencing goals, the Plea Agreement, as well as the concerns of the court and the community, will be satisfied by the imposition of a sentence of the shortest prison term deemed proper and just under the circumstances. Such a sentence does nothing to undermine the deterrent effect of sentencing. Neither does such a sentence undermine the statutory need for the Court to underscore, for Mr. Davies and for the community, the seriousness of the offense for which he is being sentenced.

Furthermore, there is a remarkable cost savings to the taxpayers of the United States if the Court imposes a shorter, rather than a longer term of incarceration. As noted in the PSR ¶105. the monthly cost of imprisonment is $3,688,00. The cost for community confinement or straight supervision is significantly lower.

And, as discussed herein, a lengthy period of imprisonment would only serve to impede the intent of 18 U.S.C. §3553 (a). Accordingly, a short sentence of imprisonment appropriately provides just punishment and respect for the law, so that he may begin rebuilding his personal life and his professional life as soon as possible.

WHEREFORE, for the foregoing reasons and such other reasons that may appear just and proper, defendant Edward Davies, respectfully requests the Court to impose a variant sentence, in consideration of the analysis contained with the Pre-Sentence Investigation Report, the 18 U.S.C. §3553 (a) sentencing factors, and the points and recommendations made herein, consisting of a period of probation or a period of home detention, deemed proper and just under the circumstances. To do otherwise would be manifestly unjust and a miscarriage of justice.

Respectfully submitted,

THE ORENBERG LAW FIRM, P.C.

_____
Allen H. Orenberg, Bar No. 395519
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. (301) 984-8005
Cell-Phone No. (301) 807-3847
Fax No. (301) 984-8008
aorenberg@orenberglaw.com
Counsel to Edward Davies

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2023, a copy of foregoing DEFENDANT'S MEMORANDUM IN AID OF SENTENCING, with an attached exhibits, submitted on behalf of Edward Davies, was served by the Court's System for filing sealed documents and by e-mail to case registered parties and to USPO Kelli Willett.

_____
Allen H. Orenberg